IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**LUIS SEGUNDO VILCHES-NAVARRETE**  \*
    Petitioner, \*
\*
\*
\*
  v. \*
\*   **CIVIL NO. 09-1357(PG)**
\*   **RELATED CRIM. 05-066(PG)**
**UNITED STATES OF AMERICA,** \*
    Respondent. \*
\*

## **OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E.2)[1]; Petitioner's Supplemental Motion (D.E. 4); Respondent's Response to the Petition (D.E.9); and Petitioner's Reply to the Government's Response (D.E. 10). For the reasons discussed below, the Court finds the Petition shall be **DENIED.**

### **I. BACKGROUND**

On March 2, 2005, Petitioner, Luis Segundo Vilches-Navarrete, (hereinafter "Petitioner" or "Vilches-Navarrete") and eight (8) other co-defendants were indicted by a Federal Grand Jury (Crim. D.E. 34)[2].

Count One (1) charged Petitioner with on or about January 31, 2005, up to and including on or about February 7, 2005, on the high seas, within the jurisdiction of this

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation of criminal docket entry.

Civil No. 09-1357(PG)                                              Page 2

Court and on board M/V Babouth, bearing registration number L-0327856, a vessel subject to the jurisdiction of the United States, that is, a vessel registered in the foreign nation of Honduras, where the flag nation consented or waived objection to the enforcement of the United States laws by the United States, Vilches-Navarrete and eight (8) other co-defendants, the defendants herein, conspired with each other and others unknown to the grand jury to knowingly, intentionally and unlawfully possess with the intent to distribute five (5) kilograms of cocaine or more, that is approximately nine hundred eighteen (918) kilograms (gross weight), of cocaine, a Schedule II, Narcotic Drug Controlled Substance.  The District of Puerto Rico was the first point of entry where said defendants entered the United States following the commission of the aforesaid offense.  All in violation of Title 46, <u>United States Code</u>, Sections 1903(a)(c)(1)(C),(f),(j) and Title 21, <u>United States Code</u>, Section 960(b)(1)(B) (Crim.D.E. 34).

    Count Two (2) charged Vilches-Navarrete, along with his eight (8) co-defendants with on or about January 31, 2005, up to and including on or about February 7, 2005, on the high seas, within the jurisdiction of this Court and on board M/V/ Babouth, bearing registration number L-0327856, a vessel subject to the jurisdiction of the United States, that is, a vessel registered in the foreign nation of Honduras, where the flag nation consented or waived objection to the enforcement of the United States laws by

Civil No. 09-1357(PG)                                                                 Page 3

the United States, Vilches-Navarrete and his co-defendants, the defendants herein, aiding and abetting each other, knowingly, intentionally and unlawfully did possess with the intent to distribute five (5) kilograms of cocaine or more, that is approximately nine hundred eighteen (918) kilograms (gross weight), of cocaine, a Schedule II Narcotic Substance.  The District of Puerto Rico was the first point of entry where said defendants entered the United States following the commission of the aforesaid offense.  All in violation of Title 46, <u>United States Code</u>, Section 1903(a)(c)(1)(C) and (f), Title 18, <u>United States Code</u>, Section 2 and Title 21, <u>United States Code</u>, Section 960 (b)(1)(B) (Crim.D.E.34).

On February 17, 2006, after a four day jury trial, Vilches-Navarrete was found guilty as to both counts of the Indictment (Crim.D.E.231).  On May 19, 2006, Petitioner, through his counsel, filed his Objections to the Pre-Sentence Report (Crim.D.E.286).  That same day, Petitioner was sentenced to a term of imprisonment of three hundred and sixty five months as to each count, to be served concurrently with each other; a term of Supervised Release of five (5) years as to both counts to be served concurrently with each other and a Special Monetary Assessment of one hundred (100) dollars as to each count for a total amount of two hundred (200) dollars (Crim.D.E. 296).  On May 23, 2006, Vilches-Navarrete filed a Notice of Appeal (Crim.D.E. 297).  On April 10, 2008, Petitioner's

Civil No. 09-1357(PG)                                                    Page 4

conviction was affirmed, United States v. Vilches-Navarrete, 523 F.3d 1 (1st Cir. 2008), cert. denied, United States v. Vilches-Navarrete, 129 S.Ct. 208 (October 6, 2008).

Vilches-Navarrete's judgment became final on October 6, 2008, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Vilches-Navarrete had until October 6, 2009, to timely file his 2255 Petition. The record reflects that Vilches-Navarrete's Petition was placed in the prison mail box on April 9, 2009, therefore the same is timely.

## II. DISCUSSION

In his 2255 Petition, Vilches-Navarrete raised the following issues:

1. Trial counsel (Romo-Matienzo) was ineffective when he joined a co-defendant's motion to dismiss the indictment and to suppress statements[3] (Crim.D.E.116);

2. Trial counsel (Deliz) was ineffective when he refused to reject the motion joining co-defendant's motion, filed by previous counsel, and counsel also failed to raise during trial multiple violations of international treaties;

3. Trial and appellate counsels were both

---

[3] Throughout Petitioner's trial proceedings he was represented by three separate court appointed attorneys. Petitioner's allegations of ineffective assistance of counsel are against attorney Romo-Matienzo, at the pre-trial stage, attorney Deliz, at the trial and sentencing stage and attorney McGuinness at the appellate stage.

ineffective when they failed to challenge the delay in bringing defendant before a magistrate judge;

   4. Trial and appellate counsels were ineffective when they failed to challenge the denial of defendant's request to have a co-defendant testify during trial;

   5. Counsel was ineffective for failure to raise violations of Fourth Amendment rights (D.E. 2 & 4).

For the reasons discussed herein all of Petitioner's allegations shall be **DENIED.**

Previously Settled Issues

Petitioners allegations of ineffective assistance of counsel for:

   1. failure to raise multiple treaties violations;
   2. failure to challenge the delay in bringing the defendant before magistrate judge;
   3. failure to raise violations of Fourth Amendment rights

were all issues raised on appeal and decided by the First Circuit, therefore Petitioner is precluded from raising them again.

It is well settled that claims which were previously settled on direct appeal, cannot be revisited through a collateral proceeding, Withrow v. Williams, 507 U.S. 680 (1993). Furthermore, the First Circuit has clearly established that a section 2255 petition cannot be used to litigate matters that were decided on appeal, Singleton v. United States, 26 F.3d 233 (1st Cir. 1993). Vilches-

Civil No. 09-1357(PG)                                              Page 6

Navarrete is trying to circumvent the system by re-litigating issues that the First Circuit clearly analyzed and ruled upon in <u>United States v. Vilches-Navarrete</u>, 523 F.3d 1 (1st Cir. 2008). The same shall not be permitted and are **DISMISSED**.

**A. 28 U.S.C. Sec. 2255 standards and exhaustion requirements**

Title 28 U.S.C. Sec. 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1. the sentence was imposed in violation of the Constitution or laws of the United States...
2. the court was without jurisdiction to impose the sentence
3. The sentence was in excess of the maximum authorized by law or...
4. The sentence is otherwise subject to collateral attack.

When a prisoner files a motion for relief pursuant to section 2255, the court may dismiss the motion without an evidentiary hearing if "the motion and files and records of the case show conclusively that the movant is not entitled to relief."

It is well settled law that a section 2255 motion is not a substitute for an appeal. Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a section 2255 motion. <u>United States</u>

Civil No. 09-1357(PG)                                                      Page 7

v. Essig, 10 F.3d 968 (3d Cir. 1993). If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent section 2255 motion, unless the defendant can establish "cause and prejudice", United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice". Murray v. Carrier, 477 U.S. 478, 496 (1986). The exception to this dogma of the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a section 2255 motion.

**B.   Claim of Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and
2. The deficient performance prejudice his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland 466 U.S. at 688. Under Strickland counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a

defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Claims of ineffective assistance of appellate counsel are measured under the Strickland standard, Evitts v. Lucy, 469 U.S. 287 (1985). Appellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits, Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002).

Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259 at page 288 (2000). To overcome the presumption of competence of appellate counsel, a petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. Vilches-Navarrete has not made such a showing.

Appellate counsel made a tactical choice regarding the issues to be raised on appeal. The fact that Petitioner would have raised different challenges does not establish that counsel was ineffective, Smith v. Robbins, 528 U.S. 259 (2000). In this case Petitioner has been unable to meet the burden of establishing that his appellate counsel failed to raise and argue stronger issues than those

Civil No. 09-1357(PG)                                                Page 9

litigated. As such he can not establish ineffective assistance of his appellate counsel.

As a matter of fact, the record reflects that one of the claims raised by Petitioner as to his appellate counsel not arguing is simply wrong. Vilches-Navarrete contends that his appellate counsel did not argue the alleged violations to multiple treaties governing the procedure of high seas interventions. The record reflects that not only did appellate counsel raise this issue but that the same was amply discussed by the First Circuit in its opinion. See: United States v. Vilches-Navarrete, 523 F.3d 1 (1st Cir. 2008).

Vilches-Navarrete further claims his trial counsel was ineffective for failing to challenge the alleged violation of his right to present witnesses on his behalf. Specifically, Petitioner wished to compel the testimony of a co-defendant during his trial. The record does not support Vilches-Navarrete's allegation.

> The Court: This defendant, Mr. Valladares, who is a witness that was brought to court under writ, he is in the marshal's detention cell. Although he has pled guilty in this case he has not been sentenced yet. So he has certain rights that are still protected.
>
> He has a consideration under the Plea Agreement that if he complies with the safety valve, his sentence would be reduced by recommendation of the

> parties to 56 months and not the 120 months that he would be sentenced under by the reason of the fact that the amount of drugs involved carry a mandatory minimum of ten years.
>
> Plus, he has other considerations of possible further charges of perjury if he takes the stand under oath and it happens that his testimony may be untruthful in certain matters.
>
> And I think that in order for the Court to allow him to testify, his attorney would have to sit with him and tell him all the possible consequences of that.
>
> We are down to our last witness, and we have the jury here, and we have tried our best since yesterday and today to contact the attorney. And I don't think that – if I were you, not only I would consider not presenting him, but as a judge I would have to protect his rights, also.
>
> And I don't think that under those circumstances he should be testifying unless his attorney were here.
>
> We have tried to call the attorney. Her voice mail in her cell phone is full. The phone in her office, nobody answers it. So I have no other resource but to –- and as you say, rest. (T.Tr. of 2/16/06 at pp. 50-51)

Clearly, given the particular set of facts as to the

Civil No. 09-1357(PG)                                                      Page 11

witness Petitioner wished to use at trial, the Court had no alternative but to safeguard the witness/co-defendant's rights. The Court simply could not allow the compelled testimony of a co-defendant without said witness receiving the advise from his counsel prior to testimony. This decision of the Court and defense counsel's acquiescence can not be construed as an ineffective assistance of counsel. What it is, is a proper interpretation of the law. As such the allegation of ineffective assistance of counsel is **DENIED**.

Finally, Petitioner contends that both his counsels at the trial stage were ineffective. This because the first attorney chose to join a co-defendant's motion to dismiss; and his second counsel chose to continue with the joinder. Petitioner has not provided any evidence or argument as to how this joinder adversely affected him. Nor has he been able to establish how not joining said motion would have benefitted him. The Court is left to guess the answers to these questions.

The answer is that Petitioner is merely complaining of pre-trial strategies taken by two independent court appointed attorneys. Questions of trial strategy are left to the discretion of counsel and normally do not constitute ineffective assistance of counsel unless the action taken is blatantly wrong. Trial strategy does not constitute ineffective assistance unless counsel's decision was "so patently unreasonable that no competent attorney would have

Civil No. 09-1357(PG)                                              Page 12

made it." <u>Phoenix</u> v. <u>Matesanz</u>, 233 F.3d at 82 (1st Cir. 2000). Vilches-Navarrete falls short in his allegation.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **LUIS SEGUNDO VILCHES-NAVARRETE,** is not entitled to federal habeas relief on the claims. Accordingly, it is ordered that petitioner **LUIS SEGUNDO VILCHES-NAVARRETE's** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.2) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th of February 2012.

*s/ Juan M. Pérez-Giménez*
**JUAN M. PEREZ-GIMENEZ**
**UNITED STATES DISTRICT JUDGE**